David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiff
Sandra Kirkpatrick

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Sandra Kirkpatrick<br><br>Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership,<br><br>Defendants. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

"FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Sandra Kirkpatrick, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of GC Services Limited Partnership (hereinafter referred to as "Defendant" or "GC Services"); with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place while Plaintiff was located in Arizona.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law 15 U.S.C. § 1692(k); and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendants do business within the State of Arizona, County of Maricopa, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

**PARTIES**

12. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

13. Defendants are located in the City of Columbus, in the State of Ohio.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. Sometime before September 15, 2015, Plaintiff is alleged to have incurred certain financial obligations.

18. These financial obligations were primarily for personal, family or household purposes, specifically the debt was a student loan, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before September 15, 2015, Plaintiff allegedly fell behind in the payments allegedly owed and defaulted on the alleged debt.

20. Plaintiff currently disputes the validity of this alleged debt as the alleged debt was previously paid to the original creditor.

21. Subsequent to the default, but before September 15, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

22. On or about September 15, 2015 Defendant's agent called Plaintiff's mother, in an attempt to collect the alleged debt.

23. During this conversation Defendant's agent discussed the alleged debt which included telling her they were calling on behalf of the U.S. Government on her defaulted student loan.

24. These communications to a third party were without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. These communications to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendants violated 15 U.S.C. § 1692c(b).

25. This same month, Defendant called Plaintiff and left Plaintiff a voicemail, in an attempt to collect the alleged debt.

26. In these voicemail, Defendant failed to disclose Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or that the communication was from a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).

27. Defendant also failed to identify the company they were calling from. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

28. Defendants then failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid,

or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendants and that Defendants would provide Plaintiff with the name and address of the original creditor. This omission by Defendants violated 15 U.S.C. § 1692g.

29. As a result of Defendant's abusive conduct, Plaintiff suffered actual damages including the $112 payment as well as mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, shame, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

## CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

32. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

33. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 26, 2016                By: */s/ David J. McGlothlin*
                                        David J. McGlothlin
                                        Attorneys for Plaintiff